**Stephen L. Brischetto, OSB # 78156**
slb@brischettolaw.com
520 SW Yamhill St., Suite 500
Portland OR 97204
503-223-5814
Fax: 503-228-1317

**T. David Copley, WSBA #19379**
dcopley@kellerrohrback.com
**Claire Cordon, WSBA # 8672**
ccordon@kellerrohrback.com
Keller Rohrback LLP
1201 Third Ave., Suite 3200
Seattle, WA 98101-3052
206-623-1900
Fax: 206-623-3384

**Rex A. Sharp**
rsharp@midwest-law.com
Gunderson, Sharp & Walke, P.C.
4121 W. 83rd Street, Suite 256
Prairie Village, KS 66208
913-901-0500
Fax: 913-901-0500

*Counsel for Plaintiffs*
*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| BRANDI STANDRIDGE, on behalf of herself and all others similarly situated, KENYA PHILLIPS, on behalf of herself and all others similarly situated,<br><br>                  Plaintiffs,<br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>                  Defendant. | Civil No. **CV '03 - 660 - JO**<br><br>CLASS ACTION COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICE<br><br>DEMAND FOR JURY TRIAL |

PAGE 1 -   CLASS ACTION COMPLAINT

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204
Telephone: (503) 223-5814

PHILLIPS CLASS COMPLAINT.DOC

Plaintiffs Brandi Standridge and Kenya Phillips through their undersigned attorneys, bring this Class Action Complaint against Union Pacific Railroad Company ("Union Pacific") and in support thereof state the following upon information and belief:

## I. INTRODUCTION

1. This is a sex discrimination action arising under the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and specifically as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k) (the "PDA").

2. Union Pacific singles out female employees for disadvantageous treatment by excluding prescription contraceptives from its benefit package while including benefits for other preventive medical services, including other preventive prescription medications and devices. Prescription contraception, which is available for use only by women, is basic medical care for women who have the potential to become pregnant but who wish to control that potential by reversible means. The failure to provide coverage for prescription contraception treats medication needed for a pregnancy-related condition less favorably than medication needed for other medical conditions; it therefore constitutes facial sex discrimination.

3. In addition, Union Pacific's exclusion of prescription contraception has an adverse disparate impact on the proposed class. Because prescription contraceptives are available for use only by women, Union Pacific's failure to provide coverage for prescription contraception forces its female employees to choose between paying their own out-of-pocket prescription costs, or bearing the physical, emotional and financial costs of unplanned pregnancy.

4. As a result of Union Pacific's decision to exclude contraceptives from employee benefit plans, members of the proposed class are being discriminated against in the terms and conditions of employment, which includes the receipt of benefits under fringe benefit programs, because of their potential for pregnancy. This violates Title VII .

5. To remedy this discrimination, plaintiffs seek equitable, declaratory, injunctive relief, and other relief.

PAGE 2   -   CLASS ACTION COMPLAINT

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204
Telephone: (503) 223-5814

PHILLIPS CLASS COMPLAINT.DOC

## II. JURISDICTION AND VENUE

6.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 (federal question); and 42 U.S.C. § 2000e-5(f)(3) (Title VII).

7.      Plaintiffs' claim for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, Rules 57 and 65 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court.

8.      Venue is appropriate under 28 U.S.C. § 1391(b) and (c), and 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices giving rise to this claim were committed in this district and Union Pacific does business in this district.

## III. IDENTIFICATION OF PARTIES

9.      Brandi Standridge has been employed on a full-time basis by Union Pacific since September 1998. As part of the terms and conditions of her employment, Ms. Standridge receives health insurance coverage, including coverage of prescription drugs and devices.

10.     Ms. Standridge is 23 years old. She is a trainman and an engineer and works for Union Pacific in Idaho, Oregon and several other states. Related to her work, she has resided in Oregon for extended periods, has sought medical care in Oregon related to contraception, and used prescription contraception in Oregon. Ms. Standridge uses a reversible method of prescription contraception to avoid unplanned pregnancy. Because prescription contraceptives are excluded from Union Pacific's benefits package, Ms. Standridge must pay out-of pocket for her prescription contraceptives or risk the physical, emotional and financial costs of an unplanned pregnancy. It is a financial hardship for her to pay for prescription contraceptives out-of-pocket, without insurance reimbursement.

11.     Ms. Standridge has filed an EEOC charge on behalf of herself and all others similarly situated in Seattle, Washington for failure to provide health plan coverage for prescription contraceptives.

12.     Kenya Phillips has been employed on a full-time basis by Union Pacific since

PAGE 3 -        CLASS ACTION COMPLAINT

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204
Telephone: (503) 223-5814

August, 1998. As part of the terms and conditions of her employment, Ms. Phillips receives health insurance coverage, including coverage of prescription drugs and devices.

13. Ms. Phillips is 30 years old. She is a brakeman and works for Union Pacific in Missouri. Ms. Phillips uses a reversible method of prescription contraception to avoid unplanned pregnancy. Because prescription contraceptives are excluded from Union Pacific's benefits package, Ms. Phillips must pay out-of-pocket for her prescription contraceptives or risk the physical, emotional and financial costs of an unplanned pregnancy. It is a financial hardship for her to pay for prescription contraceptives out-of-pocket, without insurance reimbursement.

14. On October 30, 2002, Ms. Phillips filed a charge on behalf of herself and all others similarly situated with the EEOC in Kansas City, Kansas. The charge alleged that Union Pacific's failure to provide her with health insurance coverage for prescription contraceptives constitutes unlawful discrimination on the basis of sex. After conducting the appropriate investigation, the EEOC issued a cause finding on Ms. Phillips' above-referenced charge. Thereafter the EEOC determined that conciliation efforts had failed The EEOC issued to Ms. Phillips and her attorneys a right-to-sue letter dated March 4, 2003. A copy of the EEOC right-to-sue letter is annexed hereto as Exhibit A. This Complaint is filed within 90 days of Ms. Phillips's receipt of the right-to-sue letter from the EEOC.

15. Union Pacific is a corporation organized under the laws of Utah, with its headquarters in Nebraska. Union Pacific does business in Oregon and twenty-two other states in the Western two thirds of the nation. On information and belief, Union Pacific is the largest railroad in North America and employs approximately 48,000 individuals.

## IV. UNION PACIFIC'S CONDUCT

16. Union Pacific's health plan generally covers medical care at 100% and prescription drugs and devices with a co-pay of $6 (generic) or $12 (brand name). Benefits include coverage of many preventive services and prescription drugs, including but not limited to coverage of: routine exams, immunizations, cancer screenings, routine hearing and vision exams, preventive

PAGE 4 -    CLASS ACTION COMPLAINT

*STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*520 S.W. Yamhill St., Suite 500*
*Portland, Oregon 97204*
*Telephone: (503) 223-5814*

PHILLIPS CLASS COMPLAINT.DOC

and diagnostic dental services, smoking cessation care, blood-pressure and cholesterol-lowering prescription drugs, hormone replacement therapy to prevent osteoporosis and other medical conditions, chiropractic, alcohol and chemical dependence and vitamins. In addition, Union Pacific covers Viagra and other male impotence drugs.

17. Despite covering a broad array of other preventive medical services and prescriptions, Union Pacific has engaged in a pattern and practice of singling out and excluding coverage for prescription drugs and devices and related medical services that women need to prevent pregnancy. The written health plan document excludes "Any drug or appliance[s] used in birth control or pregnancy ..." Article VII Benefits Exclusions (g) and states at Article VI, "Section 13. – Pregnancy: Health Systems will provide supplemental in network coverage for pregnancy related claims, [but] [c]laims submitted for payment of supplemental benefits must be supported by an itemized bill and a copy of the Explanation of Benefits (EOB) statement . . . ." Nowhere does the health plan place a similar limitation on benefits for other, non-pregnancy-related medical care. Upon information and belief, pregnancy related medical care is the only type of medical care for which the health plan requires enrollees to seek primary coverage from a separate health plan, and even the "supplemental benefits" exclude coverage for contraception.

18. If contraception were treated on an equal basis with other prescriptions, Plaintiffs and other class members would pay a co-pay of either $6 (generic) or $12 (brand name) if ordered through the mail order pharmacy.

## V. FACTUAL FRAMEWORK

19. For over thirty years of their lives, women have the biological potential for pregnancy. Contraception is a drug or device that prevents pregnancy. Without contraception, the average woman would be expected to have between 12 and 15 pregnancies in her lifetime. In any given year, 85 out of 100 sexually active women of reproductive age who do not use contraception will become pregnant. Most American women want only two children. To achieve that goal, the typical American woman spends roughly three decades -- or about 75% of her

PAGE 5   -   CLASS ACTION COMPLAINT

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
330 S.W. Yamhill St., Suite 500
Portland, Oregon 97204
Telephone: (503) 223-5814

PHILLIPS CLASS COMPLAINT.DOC

reproductive life -- trying to avoid unintended pregnancy.  Of the 60.2 million women of reproductive age, 64% currently use contraception.  Ninety-four percent (94%) of American women use contraception at some point during their reproductive years.  Among all women aged 20-44 who have ever had sexual intercourse, 85% have used prescription oral contraceptives.

20. The Food and Drug Administration (FDA) has approved six methods of reversible prescription contraception: oral contraception; Depo-Provera; intra-uterine device ("IUD"); the diaphragm; the contraceptive patch and the contraceptive ring.  A seventh method, Lunelle, is a monthly injection that has been removed from the market but is expected to return shortly.  Only women can use these methods of prescription contraception.  Other forms of contraception are sold over the counter (OTC) and thus generally are not covered by health insurance.  The OTC methods include the male condom and five female methods: spermicidal foam, jelly, film, suppositories and the female condom.  All methods work either by preventing fertilization of a woman's ovum or by preventing implantation of the blastocyst in the uterine wall.

21. Women bear all of the physical burdens of pregnancy, which are quite substantial.  Pregnancy itself can put a woman's life at risk.  Ectopic pregnancy is the deadliest complication in the early stages of pregnancy.  The three deadliest complications of full-term pregnancy are hemorrhage, hypertension and thrombosis.  In the United States today, for every 100,000 births, 8-22 women (depending on their county of residence) die as a result of pregnancy-related complications.

22. Pregnancy also poses non-life threatening health risks for women.  The morbidity rate during pregnancy is quite high.  Twenty-two percent of all pregnant women are hospitalized before delivery because of various complications.  Pre-term labor is one of the most common reasons women are hospitalized before delivery.  In such instances, the medical interventions a woman must undergo often include long-term bed rest and administration of various drugs, some of which have significant side effects for the woman.

23. The more pregnancies she bears, the greater the likelihood a woman will suffer one

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204
Telephone: (503) 223-5814

PHILLIPS CLASS COMPLAINT.DOC

or more of the myriad life and/or health-threatening complications of pregnancy. Women who experience a large number of pregnancies are known to be at far greater risk for certain permanent health problems such as uterine prolapse (downward displacement of the uterus so that some or all of the uterus comes outside of the vagina), rectocele (hernial protrusion of the rectum into the vagina), cystocele (hernial protrusion of the urinary bladder through the vaginal wall), pelvic floor disorders and varicose veins.

24. For women with pre-existing medical conditions, even one pregnancy can pose grave health risks. Preexisting medical conditions that are exacerbated by pregnancy include: certain blood diseases, including sickle-cell disease; heart disease; cancer; endocrine disorders such as diabetes; diseases of the nervous system such as epilepsy; kidney and liver diseases; connective tissue disorders such as systemic lupus erythematosus and rheumatoid arthritis; chronic hypertension; respiratory disease including asthma and pneumonia; and HIV present in the blood stream.

25. Unintended pregnancy poses far greater health risks to women and children than does intended pregnancy. The medical risks of unintended pregnancy are well documented. In general, women who become pregnant unexpectedly are less likely to receive adequate pre-natal care and thus have less opportunity to manage pre-existing medical conditions and other risks during pregnancy. For instance, unintended pregnancy is quite dangerous, and may even be deadly, for women with hypertension or diabetes. These conditions are best managed when medical care is begun before conception. In addition, women who become pregnant unexpectedly forego the opportunity to receive pre-conception counseling to improve the health of the fetus and are more likely to have low birth weight babies and experience a higher rate of neonatal mortality.

26. Unintended pregnancy is both frequent and widespread in the United States. Forty-nine percent of all pregnancies in the United States are unintended. Among Western Nations, the United States has one of the highest rates of unintended pregnancy. Unintended

PAGE 7 - CLASS ACTION COMPLAINT

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204
Telephone: (503) 223-5814

PHILLIPS CLASS COMPLAINT.DOC

pregnancy affects all segments of society. Four out of ten pregnancies among married women are unintended. Low-income women and unmarried women experience even higher rates of unintended pregnancy.

27. Contraception enables women to plan their pregnancies and time the spacing between pregnancies. The shorter the interval between her pregnancies, the greater the likelihood a woman will experience pre-term labor, depression and other health problems. Recognizing that contraception is central to the health and well-being of women and their children, the Centers for Disease Control and Prevention has recognized that "[s]maller families and longer birth intervals have contributed to the better health of infants, children, and women, and have improved the social and economic role of women."

28. Furthermore, even in an otherwise healthy woman, pregnancy poses medical risks that are significantly greater than the risks of using contraception. In any given year, the average risk of death from pregnancy is 1 in 11,000 while the risk of death from contraception is much less: 1 in 63,000 for non-smoking oral contraceptive users; 1 in 100,000 for IUD users; and no risk of death for diaphragm users.

29. Due to the wide variation in effectiveness, cost, and medical appropriateness of available forms of contraception, choice of contraceptive method is essential to successful pregnancy prevention. Other factors that contribute to what type of contraception a woman chooses to use are whether the woman intends to delay, space, or entirely prevent future childbearing.

30. Women with medical conditions that require pregnancy avoidance, in particular, require a full range of contraceptive options because their medical conditions often preclude the use of one or more contraceptive methods. For example, birth control pills are medically contraindicated for smokers over age 35 and women who are at risk of cardiovascular problems, such as stroke, heart attack, blood clots, and hypertension, as well as women who have, or are at risk of, depression or hepatic adenomas.

PAGE 8 -  CLASS ACTION COMPLAINT

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204
Telephone: (503) 223-5814

PHILLIPS CLASS COMPLAINT.DOC

31.     For all of the above reasons, a recent study by the Institute of Medicine recommends improving contraceptive coverage in health plans in order to reduce the number of unintended pregnancies and to improve health outcomes for women and children. Similarly, the United States Department of Health and Human Services has adopted the goal of improving pregnancy planning and spacing and preventing unintended pregnancy. Moreover, the Guidelines for Women's Health Care published by the American College of Obstetricians and Gynecologists (ACOG), which represents 38,000 physicians in this country, advises that "prevention of unwanted pregnancy" and "contraceptive options" be discussed with all women over the age of 13 during routine primary care assessments. In sum, contraception is basic to women's health and well being.

32.     The physical burdens of pregnancy increase the risk of interruption to a woman's education, career and professional development opportunities. The ability to control her biological potential for pregnancy is central to a woman's ability to participate in the workplace on an equal basis with men.

33.     Inadequate insurance coverage of contraception has substantial adverse economic consequences for the 67% of American women of reproductive age who rely on employer-sponsored health insurance coverage. These women pay 68% more in out-of-pocket expenditures for health care services than men, and reproductive health services account for much of that difference.

## VI. STATUTORY FRAMEWORK

34.     Title VII provides that: "It shall be an unlawful employment practice for an employer to...discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's...sex." 42 U.S.C. § 2000e-2(a)(1).

35.     In 1978, Congress enacted the Pregnancy Discrimination Act ("PDA") which provides that the term "because of sex" in Title VII includes, but is not limited to, "because of or

PAGE 9   -     CLASS ACTION COMPLAINT

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204
Telephone: (503) 223-5814

on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k). The PDA further states that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs as other persons not so affected but similar in their ability or inability to work." *Id.* Thus, Title VII specifically mandates that employers may not single out employees for disadvantageous treatment based on "pregnancy, childbirth, or related medical conditions."

36. Contraception is "pregnancy-related" within the meaning of the PDA because it is medical treatment that provides women with the ability to control their biological potential for pregnancy. Exclusion of contraception from a health plan is sex discrimination in violation of the PDA because it treats women differently on the basis of their potential to become pregnant. The exclusion of contraception from the health plan is, therefore, sex discrimination on its face in violation federal law.

37. The exclusion of contraception from the health plan also has an adverse disparate impact on women because it forces them either to pay for prescription contraceptives out of pocket, despite having prescription insurance coverage, or to bear the physical, emotional and financial burdens of unplanned pregnancy. Union Pacific's policy of excluding contraceptive coverage cannot be justified as job-related and consistent with business necessity.

## VII. CLASS ACTION ALLEGATIONS

38. Brandi Standridge and Kenya Phillips ("the Class Representatives"), on behalf of themselves and all others similarly situated, seek the certification of a Class Action pursuant to FRCP 23. At this time, Plaintiffs allege the following class: "All female employees of Union Pacific who at any time after December 5, 1999 used prescription contraceptives, or who would have done so if prescription contraceptives had not been excluded from Union Pacific's employee benefits package."

39. The Class meets the requirements of Fed. R. Civ. P. 23 because:

    a. Plaintiffs are informed and believe that the class is so numerous that joinder of

PAGE 10 - CLASS ACTION COMPLAINT

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204
Telephone: (503) 223-5814

PHILLIPS CLASS COMPLAINT.DOC

all members is impracticable. Union Pacific employs approximately 48,000 employees eligible to participate in the benefit plan at issue in this case. Given the number of qualifying employees and the well-documented utilization rates for prescription contraceptive drugs and devices, plaintiffs are informed and believe that the proposed class consists of at least 1000 persons. These persons are likely dispersed throughout the Western United States.

b. There are questions of law or fact common to the proposed class, including: whether Union Pacific's conduct violates Title VII as amended by the Pregnancy Discrimination Act, which prohibits discrimination based on "pregnancy, childbirth or related medical conditions"; whether Union Pacific's conduct has an adverse disparate impact on a protected class in violation of Title VII; the nature and scope of injunctive relief necessary to prevent further violations of federal law; the nature and scope of equitable relief appropriate to complement the injunctive relief awarded by the Court; the amount of damages to which the Class is entitled; and the nature and scope of declaratory relief appropriate in this case. These and other common questions of fact and law are likely to predominate in the litigation.

c. The claims of the Class Representatives are typical of the claims of the class. Each of the Class Representatives was enrolled in the health plan during the class period. A health care professional prescribed contraceptives for Ms. Standridge's and Ms. Phillips's use. Like every other member of the class, each Class Representative has been denied benefits of her employment based on a pregnancy-related medical condition. Furthermore, the health plan contraception exclusions have had an adverse disparate impact on the Class Representatives, as it has on other female employees of Union Pacific.

d. The Class Representatives will fairly and adequately protect the interests of the class. They will pursue this litigation with diligence and vigor, and they have retained counsel experienced in Title VII and other class action litigation.

40. The class is properly certified for class action treatment under Fed. R. Civ. P. 23(b)(2) because Union Pacific have acted or refused to act on grounds generally applicable to the

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204
Telephone: (503) 223-5814

class, thereby making declaratory, injunctive and other equitable relief appropriate for the class as a whole. Class certification may also be appropriate under Fed. R. Civ. R. 23(b)(3).

41.   Defendants' continuing violation of Title VII and the PDA has tolled the statute of limitations. The Class Complaint relates back to the earliest-filed relevant administrative complaint.

## VIII.   FIRST CLAIM FOR RELIEF – DISPARATE TREATMENT

42.   Plaintiffs hereby reassert all previous allegations contained herein.

43.   Union Pacific discriminated against Plaintiffs by providing health insurance benefits that selectively exclude all FDA-approved prescription contraception, in violation of Title VII as amended by the PDA.

## IX.   SECOND CLAIM FOR RELIEF – DISPARATE IMPACT

44.   Plaintiffs hereby reassert all previous allegations contained herein.

45.   Union Pacific engaged in, and continues to engage in an employment practice that has an adverse disparate impact on the Class, thus constituting illegal employment discrimination on the basis of sex in violation of Title VII as amended by the PDA.

## X.   PRAYER

Plaintiffs respectfully request that the Court order the following relief:

a.   Certifying the claims of the Class pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3), appointing Brandi Standridge and Kenya Phillips as Class Representatives and appointing the undersigned counsel as counsel for the Class.

b.   Entry of a declaratory judgment in favor of the Class that Union Pacific has violated plaintiffs' civil rights as guaranteed by 42 U.S.C. § 2000e.

c.   Entry of a preliminary and permanent injunction in favor of the Class prohibiting Union Pacific from engaging in the illegal and discriminatory conduct alleged herein and requiring

PAGE 12   -   CLASS ACTION COMPLAINT

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204
Telephone: (503) 223-5814

PHILLIPS CLASS COMPLAINT.DOC

Union Pacific to issue and disseminate to all eligible employees a revised benefit plan that covers all FDA-approved prescription contraceptive drugs and devices and all clinical services associated with each prescription contraceptive method.

d. Entry of judgment in favor of the Class for monetary equitable relief in the form of nominal damages, lost fringe benefits, back pay, out-of-pocket expenses and pre-judgment interest in an amount to be determined at trial.

e. Entry of judgment in favor of the class for damages as allowed by law.

f. Entry of judgment in favor of the Class for attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k).

g. That the Court award such other and further relief as it deems just and proper under the circumstances.

DATED this 19th day of May, 2003.

_____
STEPHEN L. BRISCHETTO
OSB # 78156
(503) 223-5814

T. David Copley, WSBA #19379
Claire Cordon, WSBA #8672
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
206-623-1900
Fax: 206-623-3384

Rex A. Sharp
Gunderson, Sharp & Walke, P.C.
4121 W. 83rd Street, Suite 256
Prairie Village, KS 66208
913-901-0500
Fax: 913-901-0500

Roberta Riley
Kelly Reese
Planned Parenthood of Western Washington
2001 E. Madison
Seattle, WA 98122
206-328-7734
Fax: 206-328-7522

PAGE 13 - CLASS ACTION COMPLAINT

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204
Telephone: (503) 223-5814

PHILLIPS CLASS COMPLAINT.DOC

Sylvester James, Jr.
The Sly James Firm Trial Lawyers, P.C.
802 Broadway, 7th Floor
Kansas City, Missouri 64105
816-472-6800
Fax: 816-472-6805

Rick D. Holtsclaw
Holtsclaw & Kendall, LC
312 w. 8th Street
Kansas City, Missouri 64105
816-221-2555
Fax: 816-221-8763

*Attorneys for the Plaintiffs and the Class*

PAGE 14 -   CLASS ACTION COMPLAINT

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97304
Telephone: (503) 223-5814

PHILLIPS CLASS COMPLAINT.DOC

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
*(Conciliation Failure)*

| To: | Kenya Phillips<br>50 ABOTT ROAD<br>EUGENE, MO 65032 | From: | EQUAL EMPLOYMENT OPP. COMM.<br>Kansas City Area Office<br>400 State, suite 905<br>Kansas City Ks 66101 |

☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL. (29 C.F.R. 1601.7(a))*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 281A300140 | Michael Katz | (913) 551-5752 |

*TO THE PERSON AGGRIEVED:*

This Notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## -- NOTICE OF SUIT RIGHTS --
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. **This means that backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

Lynn Bruner, District Director      3-4-03
                                    *(Date)*

Enclosure(s)

cc: UNION PACIFIC RAILROAD
    4801 GARDNER
    KANSAS CITY, MO 64120

EXHIBIT A, P. 1 of 1

EEOC FORM 161-A (Rev 01/97)                    **CHARGING PARTY COPY**