IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.  8:03CV437 |
| | ) | MDL NO.   1597 |
| | ) | |
| UNION PACIFIC RAILROAD | ) | MEMORANDUM AND ORDER |
| EMPLOYMENT PRACTICES | ) | ON STIPULATION |
| LITIGATION | ) | |

On July 22, 2005, I issued a Memorandum and Order (Filing No. 207), granting the Plaintiffs' Motion for Partial Summary Judgment.  I observed that the record before me indicated that Union Pacific had approximately 48,000 employees, of whom approximately 1,300 were females covered by collective bargaining agreements ("agreement employees"), and that Union Pacific estimated that 450 of its agreement employees were females of child-bearing age.  I also noted that nothing in the record revealed the number of male agreement employees, nor the total number of agreement employees.  (Filing No. 207, p.2, n.4).

At my request, the parties have filed a Joint Stipulation (Filing No. 231), supplying a more complete record of the numbers of male and female agreement employees.  The parties have stipulated that Union Pacific has 49,825 current male agreement employees; 871 current female agreement employees; and 1,476 "potential class members," who were female agreement employees of child-bearing age at some time from February 9, 2001, to the present.

I accept the parties' Joint Stipulation of Facts, and, with the benefit of these supplementary facts, I will address one matter that was not raised directly by Union Pacific in opposition to the Plaintiffs' Motion for Partial Summary Judgment, but could be inferred and, therefore, merits brief discussion.

It is undisputed that the health benefits Union Pacific provides to agreement employees are the result of collective bargaining agreements negotiated with the employees' respective bargaining units.  That fact, however, does not absolve Union Pacific of its responsibility to comply with the terms of Title VII and the Pregnancy Discrimination Act ("PDA").

In *Craik v. Minnesota State University Board*, 731 F.2d 465 (8th Cir. 1984), the Eighth Circuit Court addressed such an argument by an employer that was sued under Title VII for sex discrimination.  The employer alleged that its employment promotion process was prescribed in a collective bargaining agreement, and was therefore beyond its control.  (*Id*. at 472).  The Eighth Circuit Court said:

> This argument is plainly without merit.  "The rights assured by Title VII are not rights which can be bargained away – either by a union, by an employer, or by both acting in concert." *United States v. St. Louis-San Francisco Ry.*, 464 F.2d 301, 309 (8th Cir. 1972)(en banc), *cert. denied*, 409 U.S. 1116 . . . (1973)(quoting *Robinson v. Lorillard Corp.*, 444 F.2d 791, 799 (4th Cir.), cert. dismissed, 404 U.S. 1006 . . . (1971)).

731 F.2d at 472, n.10.

Other Courts of Appeals agree.  See, *e.g.*, *Williams v. Owens-Illinois, Inc.*, 665 F.2d 918, 926 (9th Cir. 1982) *overruled on other grounds by National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002)("The trial court ruled that any actions which the company undertook pursuant to union contracts would be deemed non-discriminatory . . . This ruling was erroneous as a matter of law"); *Grant v. Bethlehem Steel Corp.,* 635 F.2d 1007, 1014 (2nd Cir. 1980)("An employer-union agreement permitting the employer to discriminate is no defense."); and *Carey v. Greyhound Bus Co., Inc.*, 500 F.2d 1372, 1377 (5th Cir. 1974)("[U]nion contracts grant no immunity on the subject of . . . discrimination.  Neither can the employer use the union or unions for a shield").

When an employer, like Union Pacific, negotiates with unions having memberships that are more than 98 percent male, it is not shocking that the union representatives might suggest that the employer provide prescription coverage for medicines that prevent diseases or disabilities affecting men, in preference over prescription coverage for contraception. An employer who acquiesces to such an agreement can no more claim immunity from liability under Title VII than could an employer who acquiesces to an agreement to pay disparate wages based on race.

IT IS ORDERED:

The parties' Joint Stipulation of Facts (Filing No. 231) is accepted, and the record on the Plaintiffs' Motion for Partial Summary Judgment is supplemented accordingly.

DATED this 7th day of October, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge