IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | MDL 1597 |
| | ) | CASE NO. 8:03CV437 |
| | ) | |
| UNION PACIFIC RAILROAD | ) | MEMORANDUM |
| EMPLOYMENT PRACTICES | ) | AND ORDER |
| LITIGATION. | ) | |

This matter is before the Court on the Plaintiffs' Motion for Relief from Judgment which was filed within one year of the entry of the judgment. (Filing No. 283). The Plaintiffs are current and former female employees of the Union Pacific Railroad Company who have been certified as a class pursuant to Fed. R. Civ. P. 23(a) and (b)(2).[1] The Plaintiffs have alleged that they were denied health plan coverage for their prescription contraceptives, which were used at least in part to prevent pregnancy, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and specifically as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k) (the "PDA"). The Plaintiffs filed a motion for partial summary judgment on the Complaint's First Claim for Relief that was based on a theory of disparate treatment, and in the Court's Memorandum and Order dated July 22, 2005 (Filing No. 207), the Court granted the motion for partial summary judgment.

Pursuant to the parties' agreement, the Court entered judgment on the disparate treatment claim under Title VII and the PDA. The execution of the judgment was

---

[1] The certified class includes: "All females employed by Union Pacific Railroad Company after February 9, 2001, enrolled in one of the Agreement Plans who used prescription contraception, at least in part for the purpose of preventing pregnancy, without insurance reimbursement from said Plan." (Filing No. 177).

expressly stayed pending appeal.  The Union Pacific posted a supersedeas bond and appealed the judgment.  The appeal is currently pending.

Paragraph 9 of the Judgment states, "9.  All other claims for relief in plaintiffs' complaints are dismissed *with prejudice*."  (Filing No.  267, emphasis added).  In the pending motion, the Plaintiffs seek relief from the "with prejudice" language of paragraph 9.  Plaintiffs' counsel state that they did not agree to inclusion of such language based on the draft proposed judgment sent to them by the Defendants' counsel.  The Defendants' counsel have represented to the Court that the "with prejudice" language was not in the draft proposed  judgment sent by them to the Plaintiffs or by them to the Court.  (Filing No. 285).  I have no reason to doubt the parties' representations.  Patently, the parties agreed to dismissal of the remaining claims, but they did not agree to a dismissal of the remaining claims "with prejudice" as the Court ordered.  The Court's dismissal of the remaining claims was intended to reflect the parties' agreement, and therefore, I conclude that the dismissal of the remaining claims with prejudice was in error.

While the Defendants do not contest the Plaintiffs' position that the parties intended the dismissal to be without prejudice, the Defendants, nevertheless, oppose the motion as untimely because the Eighth Circuit Court has held that a motion for relief under Rule 60(b)(1) for judicial error or inadvertence must be filed within 30 days after the entry of judgment to prevent its use as a substitute for appeal.  *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 460-61 (8th Cir. 2000).  I agree that if the basis upon which relief is granted is judicial error or judicial inadvertence, then a Rule 60(b)(1) motion should be filed within 30 days of the judgment.  However, that rule does not control under the circumstances presented here.  In this case, the Court mistakenly inferred that the dismissal was to be with prejudice because the parties failed to designate whether the dismissal of the

2

remaining claims was to be with or without prejudice.  I find, therefore, that the error was in part judicial, and in part attributable to the parties' mutual mistake or excusable neglect in failing to make clear their intention in regard to the dismissal to the Court.  I also find that the Plaintiffs' delay in filing the motion for relief cannot be fairly characterized as a ploy or a substitute for appeal, given the Plaintiffs' success on the claim that is the subject of the Defendants' appeal.  For these reasons, I conclude that the Plaintiffs' Rule 60 motion was timely filed under 60(b)(1) and 60(b)(6).  I also conclude that the Plaintiffs' motion should be granted and an amended judgment should be filed.

In this district, when a district court grants a motion for partial summary judgment and subsequently dismisses remaining claims, whether the dismissal of remaining claims is with or without prejudice does not affect the finality of the judgment for purposes of appeal.  *See Hope v. Klabal*,  457 F.3d 784, 789-90 (8th Cir. 2006) (recognizing that "this circuit has been less than clear in establishing the rules for finality," expressing concern that parties will use the voluntary dismissal of some claims without prejudice as an "end-run" around Rule 54(b); but accepting that the Circuit's prior case law does not foreclose the use of this procedure.) Therefore, I conclude that no certification is required under Rule 54(b).

This memorandum is not intended to address, and does not address, other questions raised in the Defendants' response, such as effect of dismissal without prejudice upon the Complaint's second cause of action based on a theory of disparate impact.  That issue may be considered, if necessary, after the mandate from the Eighth Circuit Court of Appeals is issued.  Also, I find that notice to class members as is described in Fed. R. Civ. P. 23(e)(B) is not required under the circumstances presented here because the parties'

agreement to dismiss the remaining claims without prejudice followed the Plaintiffs' success on their motion for partial summary judgment and does not involve "trading away possible advantages for the class in return for advantages for others." See Advisory Committee Notes on the 2003 Amendments to Rule 23.

For these reasons,

IT IS ORDERED:

1. Plaintiffs' Motion for Relief from Judgment (Filing No. 283) is granted;

2. Plaintiffs' unopposed motion to file the Declaration of Roberta Riley under seal (Filing No. 287) is granted, and the Clerk of the Court is directed to place the Declarations of Roberta Riley at Filing No. 283, Attachment 1, and at Filing No. 286 under seal; and

3. A separate amended judgment shall be filed to reflect the parties' agreement, that the remaining claims should be dismissed without prejudice.

DATED this 14th day of February, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge